OPINION of the Court, by
Judge Owsley
— During the years 1785-6-7-8-9, Richard Terril, thy intestate of the plaintiff in error, was the agent of James Southall, the defendant’s testator, and Samuel Beall, to superintend, lease out, &c. Stc. their lands in the then district of Kentucky.
In March 17-92, a settlement of the accounts and transactions of Terril the agent was made between him and William Allison, the agent of Southall, and Robert Breckenridge, the agent of Beall. On this settlement Terril fell indebted 314/¿ 8s. 1 l-2d. and by the mutual agreement of Allison and Breckenridge, the two agents, 162/. 13s, 4 1 2d* part of the amount due from Terril, ■was transferred to Southall, and the balance transferred to Beall.
To recover the. amount transferred to Southall, his executors brought three several suits against the present plaintiffs in the court below, and the suits having been consolidated at July term 1807 of that court, a verdict and judgment for 346/. were obtained in favor of the plaintiffs there. To obtain relief against this judgment Terril’s administrator exhibited his bill in chancery, with an injunction, alleging that since the rendition of the judgment at law he has discovered his intestate was entitled to a credit for his services as agent for South-all, twenty pounds a year during his agency, and also a credit for 12/. 10s. for other services in relation to other lands, but that through mistake a credit was hot given *459 Slim therefor on the settlement in 1792 ; and exhibits a written acknowledgment of William Allison, Southall’s agent, bearing date in April 1792, admitting Terril’s right to a credit for those charges. He farther charges -in his bill his intestate ⅛ entitled to other credits, amounting to a greater sum than the judgmentobtained against him, and alleges as a reason for not making his defence at law, his entire ignorance of these demands until after the judgment at law, and that since that time he has been furnished by his adversary’s attorney with the written acknowledgment of Southall’s agent referred to ⅛ his bill.
The answer of the defendants-alleges their ignorance of the transactions, requires proof from the complainant of the allegations of his bill, and relies upon the statute of limitations as a bar to the demands set up in the bill.
On a hearing of the cause the court below tnade the Injunction perpetual for 112/. 10s. and dissolved it as to the residue of the judgment at law, &c. To reverse this decree the complainant in that court has prosecuted this writ of error.
It is manifest from the settlement of accounts between Terril and the agents of Southall and Beall, made exhibits in this cause, that no allowance was then made Ter» ril for his services in transacting their business : and it is moreover evident, as well from the statement of Breckenridge, used as evidence, as from the written acknowledgment of Allison, Southall’s ageut, since the date of the settlement, that Terril was entitled for his services as agent, to twenty pounds per year daring his agency. In addition to this, it is also apparent from Allison’s receipt that Terril is entitled to a farther sum of 12L 10s. for other services performed for Southall, But as Terril’s agency, for which he is entitled to 20/. per year, was performed in the service both of Southall and Beall, it follows each should pay an equal proportion thereof; and as it appears those services were continued for the term of five years, and Beall has accounted for one half that period, it results the plaintiff in error-on account of that charge was entitled to a credit against Southall at the date of the settlement for SOL This sum added to that of 12/. 10s. likewise admitted and allowed by Allison, makes the sum of 62/. 10s. t© *460 which the plaintiff has satisfactorily shewn his testator to have been entitled at the date of the settlement with the agents of Beall and Southall. And under the circumstances of this case vve are of opinion that sum should be considered as so far operating an extinguishment of the demand of Southall at that time : for it is clear the debt accrued to i’erril for services performed in relation to the same transaction that produced the demand against him ; and it is evident when Southall’s agent allowed the charge, both him and Terrill understood it should be considered as a credit on Southall’s demand.
If then we are correct in this position, it furnishesan answer to the defendant’s objection that the plaintiff’s right to relief is barred by the statute of limitations : for whatever might be the effect of the statute if no connection existed between the two demands, it is clear as that of the plaintiffs by its peculiar connection with the defendant’s and the agreement of the parties, operates an extinguishment, the statute cannot be brought to bear upon it.
The plaintiff then has shewn a clear right to a deduction from the demand of the defendants. It is true this right furnished an available defence at law ; but as it is manifest from the allegations in the plaintiff’s bill, supported by the exhibits filed, that he knew nothing of the existence of those demands and the evidence by which they are now established, at the time of the trial at law, he has shewn sufficient cause for applying to a court of chancery for relief.
The court below, therefore, properly took cognizance of the cause, but they have not given relief to the extent the plaintiff has shewn himself entitled: for it appears the defendants have obtained a judgment at law for the full amount of the principal sum acknowledged to be due at the settlement, with interest thereon until the rendition of the judgment; whereas, according to the view we have taken of thé case, they were only entitled to a judgment for the residue of the debt owing by Ter-. ril and transferred to Southall at the date of the settlement, after deducting the 62/. 10-s. due from Southall, and interest thereon up to the rendition of the judgment. But as they obtained a judgment for a much large» sum, the injunction of the plaintiff should have been} *461 perpetuated for the excess above the amount>to which they were entitled to a judgment; and as that excess amounts to a sum greater than that for which the injunction was made perpetual by the decree of the court below, that decree is consequently erroneous and must be reversed. Thecause must be remanded to the court below and a decree there entered making the injunction perpetual for the amount herein before mentioned, and dissolving the injunction with ten per cent, damages on the residue. But as by the agreement of the parties, each were permitted to assign errors asupon cross writs of error, and the decree of the court below is also erroneous in not decreeing damages to the defendants, each party must pay his own costs in this court.